## MELLON *v.* DELAWARE, LACKAWANNA AND WESTERN RAILROAD CO.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF PENNSYLVANIA.

No. 244.   Submitted March 24, 1882. — Decided April 3, 1882.

The burden of proving this case is on the appellant, but the weight of the evidence is with the appellee.

MR. JUSTICE WOODS delivered the opinion of the court.

The bill charged infringement of letters patent, dated October 2, 1866, granted to Edward Mellon, one of the complainants, for an improvement in the mode of attaching tires to wheels of locomotives. Mellon had assigned a one-half interest in his letters patent to William Matthews and they two were joined as complainants.

The defendant pleaded that while Mellon was the sole owner of the patent, to wit: on May 15, 1867, he had, for a valuable consideration granted a license in writing to the defendant for the full term of the patent to use the improvement described therein upon all its locomotives, locomotive tires and wheels.

The complainants took issue on this plea. The Circuit Court heard the cause upon the pleadings and evidence and dismissed the bill. The appeal of the complainants has brought up the case for our consideration.

To support the issue on its part the defendant produced a license in writing, signed and sealed by Mellon, dated May 15, 1867, which, its execution being admitted by Mellon, proved every allegation of the plea.

The appellants asserted, however, that the license had been delivered as an escrow to John Brisbin, the president of the appellee, in order that he might present it at the next meeting of the board of directors of the company, and if the board consented to pay and did pay thirty-five hundred dollars for the license, it was to take effect, otherwise not; and that nothing whatever had been paid for it. The appellee denied this, and asserted that the delivery was upon a valuable consideration received by Mellon, was

absolute and without condition or reference to any future contingency.

As the license is in the possession of appellee and is produced by it on the trial, and on its face is absolute and without any limitation or condition, the burden of proof is upon the appellants to show that it was delivered as an escrow.

The only evidence to maintain their side of the controversy is in the deposition of Mellon. On the part of the appellee is the testimony of Brisbin, its president, to whom the license was delivered. His deposition contains a direct and explicit denial of the testimony of Mellon in reference to the delivery of the license, and he is corroborated by the evidence of another witness, who was superintendent of the rolling stock of the appellee at the time the license was delivered.

The case turns upon a single question of fact. The burden of proving that fact is on the appellants, but the weight of the evidence is with the appellee.

The decree of the Circuit Court dismissing the bill was right, and must be *Affirmed.*

*Mr. Hector T. Fenton* and *Mr. Furman Sheppard* for appellants.

No appearance for appellee.